MUNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MICHAEL MARRAPESE and
BRIAN QUINN, individually and
on behalf of all those similarly situated,**

    **Plaintiffs**

vs.                                                              Case No.
                                                                          **COLLECTIVE ACTION**

**MATTRESS ONE, INC.,
a Florida For Profit Corporation,
SOS FURNITURE COMPANY, INC.,
a Florida For Profit Corporation,
MAGED SALEM, an individual,
MADHAT SALEM, an individual,
MAJDI SALEM, an individual, and
MOHANAD SALEM, an individual.**

    **Defendants.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs MICHAEL MARRAPESE and BRIAN QUINN (collectively hereinafter, "Plaintiffs"), on behalf of themselves and all those similarly situated, by and through undersigned counsel, file this Collective and Class Action Complaint and Demand for Jury Trial against Defendants, MATTRESS ONE, INC., SOS FURNITURE COMPANY, INC., MAGED SALEM, MADHAT SALEM, MAJDI SALEM, and MOHANAD SALEM (collectively "Defendants") and allege as follows:

### INTRODUCTION

1. Plaintiffs bring this lawsuit against Defendants for unpaid minimum wage compensation, unpaid overtime compensation, liquidated damages, attorneys' fees and costs, and other relief under Article X, Section 24 of the Florida Constitution, the Florida Minimum Wage

Act, Fla. Stat. §448.110, *et seq*., (FMWA), and the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*,

## JURISDICTION AND VENUE

2. This Court has original jurisdiction over these claims as the FLSA is a federal law and supplemental jurisdiction over the state law claims as they are

3. The unlawful practices alleged herein were committed throughout the state of Florida.

4. Venue is proper in this Court as one or more of the events giving rise to these claims occurred within Pinellas County, Florida and because Defendants operate their business in Pinellas County, Florida.

5. All conditions precedent to the filing of this lawsuit have been met or otherwise waived, including all pre-suit notice requirements.

## PLAINTIFFS

6. At all times pertinent, Plaintiff Michael Marrapese was a citizen and resident of Pinellas County, Florida and was employed by Defendants as a store manager.

7. At all times pertinent, Plaintiff Brian Quinn was a citizen and resident of Pinellas County, Florida and was employed by Defendants as a store manager.

## DEFENDANTS

8. Defendant Mattress One, Inc. is a Florida for profit corporation conducting business in Pinellas County, Florida and throughout the state.

9. At all times, Defendant Mattress One, Inc. was an enterprise subject to the Florida Constitution's provision on minimum wages and subject to the FLSA and FMWA.

10. Defendant Mohanad Salem was and is an individual who owned and/or operated Defendant Mattress One, Inc., and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for employees; and (c) control finances and operations. By virtue of having regularly exercised that authority on behalf of Defendant Mattress One, Inc. and over Plaintiffs and those similarly situated, Defendant Mohanad Salem is an employer.

11. At all material times, Defendant SOS Furniture Company, Inc. is a Florida for profit corporation conducting business in Pinellas County, Florida and throughout the state.

12. At all times, Defendant SOS Furniture Company, Inc. was an enterprise subject to the Florida Constitution's provision on minimum wages and subject to the FLSA and FMWA.

13. Defendant Maged Salem was and is an individual who owned and/or operated Defendant SOS Furniture Company, Inc., and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for employees; and (c) control finances and operations. By virtue of having regularly exercised that authority on behalf of Defendant SOS Furniture Company, Inc. and over Plaintiffs and those similarly situated, Defendant Maged Salem is an employer.

14. Defendant Madhat Salem was and is an individual who owned and/or operated Defendant SOS Furniture Company, Inc., and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for employees; and (c) control finances and operations. By virtue of having regularly exercised that authority on behalf of Defendant SOS Furniture Company, Inc. and over Plaintiffs and those similarly situated, Defendant Madhat Salem is an employer.

15. Defendant Majdi Salem was and is an individual who owned and/or operated Defendant SOS Furniture Company, Inc., and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for employees; and (c) control finances and operations. By virtue of having regularly exercised that authority on behalf of Defendant SOS Furniture Company, Inc. and over Plaintiffs and those similarly situated, Defendant Majdi Salem is an employer.

16. At all material times (during the last five years), Defendants were an enterprise engaged in commerce or in the production of goods for commerce, in that said enterprise has had at least two employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in, or produced for, commerce by any person.

17. Defendants' employees transacted business in interstate commerce on a daily basis and also handled such goods which had travelled in interstate commerce, on a daily basis.

18. At all material times (during the last five years), Defendants have had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

## **GENERAL ALLEGATIONS**

19. Plaintiffs and those similarly situated ("Class Members") were employed by Defendants as store managers and floaters.

20. Defendants paid the Plaintiffs and Class Members on an hourly and commission structure, with the hourly rate being the minimum wage.

21. Plaintiffs and Class Members rarely earn commission and are generally paid an hourly rate equal to minimum wage.

22. Plaintiffs and those similarly situated worked in the State of Florida without being paid at least the minimum wage for all hours worked.

23. Defendants required Plaintiffs and Class Members to arrive at the store prior to opening, but only paid Plaintiffs for the hours the store was open to the public.

24. Similarly, Defendants regularly required Plaintiffs and Class Members to remain in the store after store hours to attend to customers, but did not compensate them for this time.

25. Upon information or belief, Defendants also regularly reduced the number of hours for which Plaintiffs and Class Members would be paid, resulting in pay below the minimum wage.

26. Plaintiffs and Class Members regularly worked in excess of forty (40) hours; thus, much of the compensation due to Plaintiffs is due at an overtime rate of time-and-one-half the regular rate of pay.

27. Defendants controlled and/or were responsible for the work of Plaintiffs and Class Members.

28. "All working Floridians are entitled to be paid a minimum wage that is sufficient to provide a decent and healthy life for them and their families, that protects their employers from unfair low-wage competition, and that does not force them to rely on taxpayer-funded public services in order to avoid economic hardship." Fla. Const. Art. X § 24(a).

29. Defendants violated the Florida Constitution and the FMWA by failing to pay Plaintiffs and Class Members that were employed in Florida at any time within the past five (5) years at least the minimum wage for all hours worked pursuant to Fla. Const. Art X § 24(c) ("Employers shall pay Employees Wages no less than the Minimum Wage for all hours worked in Florida.") and FMWA.

30. Defendants violated the overtime and minimum wage provisions of the FLSA by failing to pay Plaintiffs and Class Members the minimum wage and time-and-one-half their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek for the past three (3) years.

31. As a result of this practice, Plaintiffs and those similarly situated were not paid the required minimum wage for each hour worked and time-and-one-half their regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

32. As a result of these common policies, Plaintiffs and Class Members are entitled to receive compensation.

## CLASS AND COLLECTIVE FACTUAL ALLEGATIONS

33. Class Members are treated equally by Defendants.

34. Defendants subjected Class Members to the same illegal practice and policy by failing to pay class members the required minimum wage for all hours worked and the required overtime rate for all hours worked in excess of forty (40) in a workweek.

35. Defendants have employed numerous Class Members who were paid in a similar manner as Plaintiffs in Florida during the past five (5) years.

36. Defendants pay Class Members in the same manner.

37. Defendants pay Class Members less than the minimum wage as a result of not properly compensating the class members for all hours worked.

38. Plaintiffs and all Class Members worked in the State of Florida.

39. Plaintiffs and all Class Members were not guaranteed at least the minimum wage for all hours worked.

40. Plaintiffs and all Class Members worked one or more hours within the past five (5) years without receiving the minimum wage guaranteed pursuant to the Florida Constitution and FMWA.

41. Plaintiffs and Class Members were not guaranteed time-and-one-half their regular rate of pay for all overtime hours.

42. Plaintiffs and all Class Members worked one or more hours within the past three (3) years without receiving the minimum wage and overtime guaranteed pursuant to the FLSA.

43. During the relevant period, Defendants violated Fla. Const. Art. X § 24, the FMWA, and the FLSA by failing to compensate the Class Members for all hours worked and by improperly taking the tip credit.

44. Defendants have acted willfully in failing to pay Plaintiffs and the Class Members in accordance with the law.

45. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and the amounts to be paid to Plaintiffs and the Class Members are in the possession, custody, and control of Defendants.

46. Plaintiffs have hired the undersigned law firm to represent them in this matter and are obligated to pay them reasonable fees and costs if they prevail.

**CLASS REPRESENTATION ALLEGATIONS**

**A. The Relief Sought for Members of the Class and the Provision for which Class Treatment is Appropriate.**

47. This action is brought by Plaintiffs, and all similarly situated employees, under the provisions of Florida Rules of Civil Procedure Rule 1.220(b)(1),(2) and alternatively (3) for: (i) violations of the Florida Constitution and the FMWA's minimum wage guarantee, (ii) money

damages to be paid by the Defendants associated with the above claims; (iii) relief incident and subordinate thereto, including the costs and expenses of this action and an award of attorneys' fees and reimbursement of expenses to Plaintiffs' counsel.

48. The prosecution of separate claims or defenses by or against individual members of the class would create a risk of adjudications concerning individual members of the class which would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the adjudications, or substantially impair or impede the ability of other members of the class who are not parties to the adjudications to protect their interests.

49. Additionally, Defendants have failed or refused to act on grounds applicable to the entire class. All store managers and floaters have suffered the same violations, and Defendants have refused to rectify the situation, making injunctive and/or declaratory relief appropriate for the class.

**B.     Common Questions of Law and Fact Predominate**

50. There are also common questions of law and fact in this class action that relate to and affect the rights of each member of the class including, *inter alia*:

a) Whether Plaintiffs and the Class Members are entitled to compensation for minimum wages for hours according to the Florida Constitution and FMWA;

b) What remedies are appropriate compensation for the damages caused to Plaintiffs and each member of the class;

c) Whether Defendants' failure to compensate Plaintiffs and the Class Members at the applicable minimum wage rates was willful, intentional or done with reckless disregard; and

d) Whether the Plaintiffs and the Class Members are entitled to a reasonable award of attorneys' fees, interest and costs of suit.

51. The relief sought is common to the entire class including, *inter alia:*

a) payment by the Defendants of actual damages caused by their failure to pay minimum wages and overtime pursuant to the Florida Constitution and FMWA;

b) payment by the Defendants of liquidated damages caused by their failure to pay minimum wages pursuant to the Florida Constitution and FMWA;

c) payment by the Defendants of the costs and expenses of this action, including the attorneys' fees of Plaintiffs' counsel.

**C. Typicality**

52. The claims of Plaintiffs, Michael Marrapese and Brian Quinn, who will be the proposed representatives of the class, are typical of the claims of all Class Members thereof. These named Plaintiffs are situated identically to all members of the class with respect to the issues presented in this case. The claims of these Plaintiffs are based on the same fundamental factual allegations and legal theories as the claims of all other members of the class. Similarly, if Defendants are violating the Florida Constitution and FMWA, such violations affect these Plaintiffs and Class Members in an identical fashion.

53. All class members have been adversely affected by the wrongdoing of the Defendants as described herein.

**D. Numerosity**

54. The exact number of members of the class as above described is not known by Plaintiffs, but is within the sole knowledge of Defendants. Upon information and belief, the members of the class are so numerous as to make a Class Action appropriate. Plaintiffs estimate

that there are/were hundreds of Class Members who worked for Defendants within the last five (5) years subject to the same violations.

55. On information and belief, the members of the class are located in the state of Florida.

### E. Class Definition

56. The proposed class is defined as follows:

> **All persons who worked for Defendants as store managers or floaters during the five (5) years preceding this lawsuit, and who were not paid at least the minimum wage pursuant to the FLSA, Fla. Const. Art. X § 24(c), and FMWA for each hour worked.**

Individuals that do not fall within the defined class are excluded from the class.

### F. Adequacy of Representation

57. PlaintiffsMichael Marrapese and Brian Quinn are adequately proposed representatives of the class because they are members of the class and their interests do not conflict with the interests of the members of the class they seek to represent. Further, Plaintiffs are represented by experienced, able class counsel who have litigated numerous collective actions and class actions. Plaintiffs have retained the undersigned law firm to represent them in this action. Plaintiffs intend to prosecute this action vigorously for the benefit of the entire class. Plaintiffs and their counsel will fairly and adequately protect the interests of the members of the class.

58. The attorneys for Plaintiffs are experienced and capable of prosecuting complex litigation such as this case. The attorneys for Plaintiffs and the class will actively conduct and be responsible for the prosecution of this litigation and the expenses thereof. The attorneys for Plaintiffs have adequate resources, experience and commitment to litigate this matter. In addition, the attorneys for Plaintiffs have been Board Certified by the Florida Bar as Specialists in Labor and

Employment law, which is the highest level of recognition by The Florida Bar of the competency and experience of attorneys in labor and employment law.

### G. Defendants Have Acted or Refused to Act on Generally Applicable Grounds

59. Defendants have acted and/or refused to act on grounds generally applicable to all members of the class and relief concerning the class as a whole is therefore appropriate. Each of Defendants' actions challenged herein affect Plaintiffs and each Class Member in an identical fashion.

60. Plaintiffs and the Class Members performed the same or similar job duties as one another in that they served food and drink for Defendants in Florida during the past five (5) years without receiving at least the minimum wage for *all* hours worked.

61. Plaintiffs and the Class Members were subjected to the same pay provisions in that they suffered or were permitted to work but not paid at least the minimum wage for all hours worked. Thus, the Class Members are owed minimum wages for the same reasons as Plaintiffs.

62. Defendants' failure to compensate class members for at least the minimum wage as required by the Florida Constitution results from the same policy or practice. This policy or practice was applicable to Plaintiffs and the class members. Application of this policy or practice does not depend on the personal circumstances of Plaintiffs or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of minimum wages to Plaintiffs applies to all class members.

63. The proposed class is so numerous that joinder is impractical. The disposition of these claims through this class action will be more efficient and will benefit the parties and the Court. The identities of the individual members of the class are ascertainable through

employment records of Defendants. Additionally, Class Members may be informed of the pendency of this class action by mailing, the internet or other means.

64. A class action is superior to other available methods for the efficient adjudication of this litigation since individual litigation of each class members' claims is impracticable. It would be unduly burdensome to the courts for individual litigants to proceed. Further, individual litigations present a potential for inconsistent and/or contradictory judgments and further increase the delay and expense to all parties and the courts. By contrast, the class action device presents far fewer management difficulties and provides the benefit of a single adjudication, economies of scale and comprehensive supervision by a single court. Additionally, notice of the pendency and/or resolution of this class action can be provided to class members by direct mail, as upon information and belief, Defendants have kept employment records detailing the names and addresses of past and present class members.

## COUNT I – Minimum Wages Due Under The FLSA

65. Plaintiffs, on behalf of themselves and all those similarly situated, hereby incorporate by reference the allegations contained within paragraphs 1-64 above.

66. Plaintiffs were entitled to be compensated at a rate at least commensurate with minimum wage for each hour worked during employment with Defendants.

67. Plaintiffs were required to start working prior to the opening of the store and were required to continue to work after the store's closing hours and were not compensated for this time. Additionally, the Defendants otherwise shaved the employees' time so that they were not compensated for all hours worked.

68. As a result of Defendants' actions in this regard, Plaintiffs have not been properly compensated at a rate at least commensurate with minimum wage for each hour worked during one or more weeks of employment with Defendants.

69. Defendants willfully failed to pay Plaintiffs at a rate at least commensurate with the minimum wage for one or more weeks of work because Defendants were, or should have been, well aware of the requirements under the FLSA, but continued their violations regardless.

70. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiffs have been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

## COUNT II – Minimum Wages Due Under Florida Constitution

71. Plaintiffs, on behalf of themselves and all those similarly situated, hereby incorporate by reference the allegations contained within paragraphs 1-64 above.

72. Plaintiffs and Class Members were entitled to be paid minimum wage for each hour worked during employment with Defendants.

73. Plaintiffs were required to start working prior to the opening of the store and were required to continue to work after the store's closing hours and were not compensated for this time. Additionally, the Defendants otherwise shaved the employees' time so that they were not compensated for all hours worked.

74. As a result of Defendants' actions in this regard, Plaintiffs have not been properly compensated at a rate at least commensurate with minimum wage for each hour worked during one or more weeks of employment with Defendants.

75. Defendants willfully failed to pay Plaintiffs at a rate at least commensurate with the minimum wage for one or more weeks of work because Defendants were, or should have been,

well aware of the requirements under the Florida Constitution, but continued their violations regardless.

76. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiffs have been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

**COUNT III – Minimum Wages Due Under Florida Minimum Wage Act**

77. Plaintiffs, on behalf of themselves and all those similarly situated, hereby incorporate by reference the allegations contained within paragraphs 1-64 above.

78. Plaintiffs and Class Members were entitled to be paid minimum wage for each hour worked during employment with Defendants.

79. Plaintiffs were required to start working prior to the opening of the store and were required to continue to work after the store's closing hours and were not compensated for this time. Additionally, the Defendants otherwise shaved the employees' time so that they were not compensated for all hours worked.

80. As a result of Defendants' actions in this regard, Plaintiffs have not been properly compensated at a rate at least commensurate with minimum wage for each hour worked during one or more weeks of employment with Defendants.

81. Defendants willfully failed to pay Plaintiffs at a rate at least commensurate with the minimum wage for one or more weeks of work because Defendants were, or should have been, well aware of the requirements under the FMWA, but continued their violations regardless.

82. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiffs have been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

## COUNT IV
## VIOLATIONS OF THE OVERTIME
## REQUIREMENTS OF THE FLSA AS TO PLAINTIFFS

83. Plaintiffs hereby incorporate by reference the allegations contained in paragraphs 1 through 64 as if fully stated herein.

84. Plaintiffs were entitled to time-and-one-half their regular rate for all hours worked over forty (40) hours in a workweek.

85. Plaintiffs regularly worked in excess of forty (40) hours and were not compensated for all hours worked, resulting in unpaid overtime.

86. Defendants' failure to provide Plaintiffs overtime compensation at a rate not less than one and one-half (1 and 1/2) times their regular rate for hours worked over forty (40) in a workweek constitutes a violation of the FLSA, 29 U.S.C. § 207.

87. Defendants' violations of the FLSA were knowing and willful.

## COUNT III
## VIOLATIONS OF THE OVERTIME
## REQUIREMENTS OF THE FLSA AS TO OTHERS SIMILARLY SITUATED

88. Plaintiffs, on behalf of others similarly situated, hereby incorporate by reference the allegations contained in paragraphs 1 through 64 as if fully stated herein.

89. Those similarly situated to Plaintiffs were entitled to time-and-one-half their regular rate for all hours worked over forty hours in a workweek.

90. Those similarly situated to Plaintiffs regularly worked in excess of forty (40) hours and were not compensated for all hours worked, resulting in unpaid overtime.

91. Defendants' failure to provide to employees similarly situated to Plaintiffs' overtime compensation at a rate not less than one and one-half (1 and 1/2) times their regular rate

for hours worked over forty (40) in a workweek constitutes a violation of the FLSA, 29 U.S.C. § 207.

92. Defendants' violations of the FLSA were knowing and willful.

## **RELIEF SOUGHT**

Wherefore, Plaintiffs demand an Order awarding:

(a) a judgment that Defendants violated Article X, Section 24 of the Florida Constitution, the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* and the Florida Minimum Wage Act, Fla. Stat. §448.110, *et seq.*, (FMWA)

(b) payment to them and all Class Members of minimum wages for all hours worked at the correct rate pursuant to Article X, Section 24 of the Florida Constitution, Florida Statutes, section 448.110, the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* and the Florida Minimum Wage Act, Fla. Stat. §448.110, *et seq.*, (FMWA);

(c) certification of a class action pursuant to Federal Rules of Civil Procedure Rule 23(b)(1),(2) and alternatively (3);

(d) certification of a collective action pursuant to the FLSA;

(e) equal amounts of liquidated damages pursuant to Article X, Section 24 of the Florida Constitution, the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and Florida Minimum Wage Act, Fla. Stat. §448.110, *et seq.*, (FMWA) or in the alternative pre-judgment and post-judgment interest at the highest rate allowed by law;

(f) reasonable attorneys' fees and costs for all time worked by the attorneys for Plaintiffs in prosecuting this case pursuant to Article X, Section 24 of the

Florida Constitution, Florida Minimum Wage Act, Fla. Stat. §448.110, *et seq.*, (FMWA) and the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*; and

(g) such further relief as the Court deems just and proper.

Respectfully submitted,

/s/Michelle Erin Nadeau
**Ryan D. Barack**
Florida Bar No. 0148430
Primary: rbarack@employeerights.com
Secondary: jackie@employeerights.com
**Michelle Erin Nadeau**
Florida Bar No. 0060396
Primary: mnadeau@employeerights.com
Secondary: jackie@employeerights.com
**Kwall Barack Nadeau PLLC**
133 North Fort Harrison Avenue
Clearwater, Florida 33755
(727) 441-4947
(727) 447-3158 Fax
Attorneys for Plaintiffs